UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALISCIA SHAW,<br><br>    Plaintiff,<br><br>v.<br><br>PROCORE, LLC,<br><br>    Defendant. | Civil Action No.: 1:21-cv-03883 (AT)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT ON BEHALF OF DEFENDANT PROCORE, LLC** |

  Defendant ProCORE, LLC (improperly pleaded as ProCore, LLC and hereinafter referred to as "Defendant" or "ProCORE"), by and through its attorneys, Nukk-Freeman & Cerra, P.C., respectfully answers the Complaint of Plaintiff Aliscia Shaw (hereinafter referred to as "Plaintiff" or "Shaw") as follows:

## NATURE OF THE ACTION

  1. Defendant admits only that Plaintiff was employed by ProCORE. Defendant denies the remaining allegations set forth in Paragraph 1 of the Complaint.

  2. Defendant denies the allegations set forth in Paragraph 2 of the Complaint.

  3. Defendant denies the allegations set forth in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

  4. The allegations set forth in Paragraph 4 of the Complaint contain legal conclusions to which no response is required.

  5. The allegations set forth in Paragraph 5 of the Complaint contain legal conclusions to which no response is required.

  6. The allegations set forth in Paragraph 6 of the Complaint contain legal conclusions to which no response is required.

**THE PARTIES**

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint, and leaves Plaintiff to her proofs.

8. Defendant admits the allegations set forth in in Paragraph 8 of the Complaint.

**STATEMENT OF FACTS**

9. Defendant denies the allegations set forth in Paragraph 9 of the Complaint, as stated.

10. Defendant admits the allegations set forth in Paragraph 10 of the Complaint.

11. Defendant denies the allegations set forth in Paragraph 11 of the Complaint, except admits that Plaintiff's dates of employment were June 18, 2019 through March 11, 2021.

12. The allegations set forth in Paragraph 12 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed to be required, Defendant denies the allegations set forth in Paragraph 12 of the Complaint.

13. Defendant denies the allegations set forth in Paragraph 13 of the Complaint.

14. Defendant denies the allegations set forth in Paragraph 14 of the Complaint.

15. Defendant admits that Plaintiff received 1.5 times her hourly rate in overtime compensation at all times during her employment as an Office Assistant. Defendant further admits that on or about July 13, 2020, Plaintiff was promoted to Security Manager, an exempt position in which Plaintiff was compensated at an annual salary of $64,000.00. Defendant denies the remaining allegations set forth in Paragraph 15 of the Complaint.

16. Defendant denies the allegations set forth in Paragraph 16 of the Complaint.

17. Defendant admits only that Plaintiff was paid on a bi-weekly basis. Defendant denies the remaining allegations set forth in Paragraph 17 of the Complaint

18. This paragraph does not contain any allegations directed at Defendant, and also contains legal conclusions to which no response is required. To the extent a response is deemed to be required, Defendant denies any allegations set forth in Paragraph 18 of the Complaint.

19. Defendant denies the allegations set forth in Paragraph 19 of the Complaint.

20. Defendant denies the allegations set forth in Paragraph 20 of the Complaint.

21. Defendant admits the allegations set forth in Paragraph 21 of the Complaint.

22. Defendant denies the allegations set forth in Paragraph 22 of the Complaint.

23. Defendant denies the allegations set forth in Paragraph 23 of the Complaint.

24. Defendant denies the allegations set forth in Paragraph 24 of the Complaint.

25. Defendant denies the allegations set forth in Paragraph 25 of the Complaint.

26. Defendant denies the allegations set forth in Paragraph 26 of the Complaint.

27. Defendant denies the allegations set forth in Paragraph 27 of the Complaint.

28. The allegations set forth in Paragraph 28 of the Complaint contain legal conclusions to which no response is required.

29. Defendant denies the allegations set forth in Paragraph 29 of the Complaint.

30. This paragraph does not contain any allegations directed at Defendant, and Defendant is without knowledge or information sufficient to form a belief as to the truth of any allegations set forth in Paragraph 30 of the Complaint. To the extent a response is deemed to be required, Defendant denies any allegations set forth in Paragraph 30 of the Complaint.

31. Defendant denies the allegations set forth in Paragraph 31 of the Complaint.

32. Defendant denies the allegations set forth in Paragraph 32 of the Complaint.

33. This paragraph does not contain any allegations directed at Defendant, and Defendant is without knowledge or information sufficient to form a belief as to the truth of any

allegations set forth in Paragraph 33 of the Complaint. To the extent a response is deemed to be required, Defendant denies any allegations set forth in Paragraph 33 of the Complaint.

34. This paragraph does not contain any allegations directed at Defendant, and Defendant is without sufficient information to form a belief as to the truth of any allegations set forth in Paragraph 34 of the Complaint. To the extent a response is deemed to be required, Defendant denies any allegations set forth in Paragraph 34 of the Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – 29 U.S.C. 201 et Seq. (Unpaid Overtime)

35. Defendant repeats and incorporates its responses to Paragraphs 1 through 34 of the Complaint as if fully set forth herein.

36. Defendant admits only that Plaintiff was employed by ProCORE from June 18, 2019 to March 11, 2021. The remaining allegations set forth in Paragraph 36 of the Complaint contain legal conclusions to which no response is required.

37. The allegations set forth in Paragraph 37 of the Complaint contain legal conclusions to which no response is required.

38. Defendant admits the allegations set forth in Paragraph 38 of the Complaint.

39. Defendant denies the allegations set forth in Paragraph 39 of the Complaint.

## Relief Demanded

40. Defendant denies the allegations set forth in Paragraph 40 of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION
## NYLL 650 et Seq. (Unpaid Overtime)

41. Defendant repeats and incorporates its responses to Paragraphs 1 through 40 of the Complaint as if fully set forth herein.

42. Defendant admits only that Plaintiff was employed by ProCORE from June 18, 2019 to March 11, 2021. The remaining allegations set forth in Paragraph 42 of the Complaint contain legal conclusions to which no response is required.

43. Defendant denies the allegations set forth in Paragraph 43 of the Complaint.

### Relief Demanded

44. Defendant denies the allegations set forth in Paragraph 44 of the Complaint.

### AS AND FOR A THIRD CAUSE OF ACTION
### NYLL § 190, 191, 193, 195, and 198

45. Defendant repeats and incorporates its responses to Paragraphs 1 through 44 of the Complaint as if fully set forth herein.

46. Defendant admits that Plaintiff was employed by ProCORE from June 18, 2019 to March 11, 2021. The remaining allegations set forth in Paragraph 46 of the Complaint contain legal conclusions to which no response is required.

47. Defendant denies the allegations set forth in Paragraph 47 of the Complaint.

48. Defendant denies the allegations set forth in Paragraph 48 of the Complaint.

49. Defendant denies the allegations set forth in Paragraph 49 of the Complaint.

50. Defendant denies the allegations set forth in Paragraph 50 of the Complaint.

### Relief Demanded

51. Defendant denies the allegations set forth in Paragraph 51 of the Complaint.

### PRAYER FOR RELIEF

52. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 52 of the Complaint.

53. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 53 of the Complaint.

54. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 54 of the Complaint.

55. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 55 of the Complaint.

56. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 56 of the Complaint.

57. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 57 of the Complaint.

**WHEREFORE**, Defendant denies that Plaintiff is entitled to judgment or any relief whatsoever as alleged in the Complaint. Defendant prays that judgment be entered dismissing with prejudice Plaintiff's Complaint in its entirety, denying all relief sought by Plaintiff in the Complaint, and awarding Defendant attorneys' fees, costs of suit, interest and such other and further relief as the Court deems just and proper.

### AFFIRMATIVE DEFENSES

1. The Complaint, and each claim for relief alleged therein, fails to state a claim upon which relief can be granted.

2. The Complaint is barred, in whole or in part, by the applicable statutes of limitations.

3. The Complaint is barred, in whole or in part, by the doctrines of laches, waiver, estoppel and/or unclean hands.

4. Plaintiff was not a manual worker within the meaning of NYLL § 191.

5. During her employment as Security Manager, Plaintiff was an exempt employee under the FLSA and NYLL, and therefore, Plaintiff was not eligible for overtime compensation.

6. Plaintiff has not suffered any damages as the result of Defendant's alleged conduct.

7. To the extent that Plaintiff has failed to mitigate, minimize or avoid any damages allegedly sustained, any recovery against Defendant must be reduced.

8. Plaintiff's damages, if any, were caused by the acts or omissions of third parties over whom Defendant had no control or right of control.

9. Plaintiff's damages, if any, were caused by the acts or omissions of Plaintiff.

10. At all times relevant to this matter, Defendant acted in good faith and in accordance with all applicable laws, regulations and standards.

11. Plaintiff has failed to plead a sufficient basis for the recovery of punitive damages.

12. Defendant has not engaged in any willful, malicious, outrageous, reckless, evilly-motivated or callously indifferent conduct towards Plaintiff.

13. Plaintiff's claims are barred to the extent they are subject, in whole or in part, to the *de minimis* doctrine.

14. Plaintiff is not entitled to liquidated damages because Defendant acted in good faith and has reasonable grounds for believing that any alleged act or omission was not a violation of the FLSA or NYLL.

15. Plaintiff's claims are barred, at least in part, by the doctrine of judicial estoppel, to the extent she has filed for bankruptcy and not disclosed the claims asserted herein as assets of the bankruptcy estate in the bankruptcy petition or attached schedules.

16. Some or all of Plaintiff's claims are frivolous and/or brought in bad faith.

17. The Complaint contains insufficient information to permit Defendant to raise all available defenses and Defendant therefore reserves its rights to amend and/or supplement this Answer and these defenses and to assert additional defenses.

                              **NUKK-FREEMAN & CERRA, P.C.**
                              *Attorneys for Defendant ProCORE, LLC*


                        By:  *s/ Brian L. Tremer*
                             BRIAN L. TREMER, ESQ.
                             26 Main Street, Suite 202
                             Chatham, New Jersey 07928
                             Tel.: (973) 665-9100
                             Fax: (973) 665-9101
Dated: July 30, 2021            btremer@nfclegal.com