```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _7/3/2023_____
```

Aliscia Shaw,

                        Plaintiff,

    -against-

ProCore, LLC,

                        Defendant.

21 Civ. 3883 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, Aliscia Shaw, brings this action against Defendant, ProCore, LLC, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law, ("NYLL") § 190 *et seq.*, for failure to pay overtime wages, unlawful wage deductions, and failure to provide wage statements and notices. *See* ECF No. 1 ¶¶ 1–3. Having reached a settlement (the "Settlement"), ECF No. 46-1; *see also* ECF No. 44-1, the parties seek the Court's approval of their proposed settlement agreement. *See* Letter, ECF No. 44. For the reasons stated below, the motion is DENIED without prejudice to renewal.

## DISCUSSION

### I.   Legal Standard

    The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the United States Department of Labor or a district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted). To determine whether a settlement is fair and reasonable, courts consider "the totality of circumstances, including but not limited to the following factors":

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citation omitted).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citation omitted). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II.     Analysis

The Settlement provides Plaintiff with a recovery of $15,000, inclusive of attorney's fees and costs.  Settlement ¶ 1; *see* Letter at 4.  Plaintiff states that the Settlement "avoid[s] . . . litigation burdens and expenses" because "[c]ontinued litigation of the case w[ould] consume additional significant time and money on both sides."  Letter at 4.  Further, the Settlement "was the product of arms' length negotiations" and "the parties were represented by experienced attorneys" in wage-and-hour litigation.  *Id.*  And, there is no evidence that the parties engaged in fraud or collusion.

However, the Court cannot evaluate whether the proposed settlement amount is reasonable. First, Plaintiff states that "[b]ased on Plaintiff's interpretation of the records produced, Plaintiff is owed unpaid wages of about $12,217.20 ($677.78 in non-overtime wages and $5,908.51 in overtime wages on her lunch time claim, and $5,630.91 in unpaid overtime wages during the period of Plaintiff's employment when Defendant classified her as exempt)."  *Id.* at 3.  But, this is not enough for the Court to determine Plaintiff's range of possible recovery because Plaintiff provides no supporting declarations or exhibits substantiating the accuracy of her "interpretation" or the sufficiency of the amount awarded to her.  *See Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015) ("At a minimum, the Court requires evidence as to the nature of plaintiffs' claims, the bona fides of the litigation and negotiation process, the employers' potential exposure both to plaintiffs and to any putative class, [and] the bases of estimates of plaintiffs' maximum possible recovery."); *Mamani v. Licetti*, No. 13 Civ. 7002, 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014) (listing information that would enable the court to adequately review the proposed settlement).

Second, Plaintiff does not provide a detailed description of the risks faced by the parties in the litigation, beyond conclusory statements that "[t]here are real and serious litigation risks for both sides in this action."  Letter at 4.  The Court, therefore, cannot find that the *Wolinsky* factors are met.

3

In addition, the Settlement contains a liability release, Settlement ¶ 4, which the Court finds overbroad in two aspects. First, the Settlement releases from liability numerous entities beyond Defendant, including

> its current or former affiliates, subsidiaries, parents, divisions, branches, units, successors, predecessors, and assigns, and any of its or their current or former owners, officials, directors, officers, shareholders, agents, employee benefit plans, plan administrators, representatives, servants, employees, former employees, insurers, and attorneys[.]

*Id.*; *see also Hernandez Ramirez v. AA BC Bakery Cafe Corp.*, No. 21 Civ. 458, 2022 WL 3363144, at *2 (S.D.N.Y. July 5, 2022). Second, the release clause includes

> all complaints, claims, lawsuits, claims for relief, demands, suits, arbitrations, actions or causes of action, whether in law or in equity, . . . which Plaintiff asserts or could assert, under the [FLSA], the [NYLL], New York Codes, Rules and Regulations (12 N.Y. C.R.R. § 141 *et seq.*), all federal, state or city laws concerning wage notification, payment of wages and/or unpaid compensation (including, without limitation, minimum wage, overtime, unpaid spread-of-hours and split-shift pay, bonuses, expense reimbursement, accrued benefit time, and late payment), including any related or associated interest, liquidated damages, attorneys' fees, costs and statutory penalties, which arose prior to the date Plaintiff signs [the Settlement,]

*id.*, and "when combined with the broad definition of '[r]eleasees,' the release—read literally—would have the . . . effect of releasing any wage and hour claims that [P]laintiff had against a wide range of unidentified individuals and business[es] only tenuously affiliated with [D]efendant." *Lara v. Air Sea Land Shipping & Moving Inc.*, No. 19 Civ. 8486, 2019 WL 6117588, at *2 (S.D.N.Y. Nov. 18, 2019) (citation omitted). The release clause is also overbroad because it may include claims unrelated to this lawsuit. *See* Settlement ¶ 4 (releasing, for example, "unpaid spread-of hours and split-shift pay, bonuses, expense reimbursement, accrued benefit time, and late payment"); *Lopez*, 96 F. Supp. at 181. And, Plaintiff is afforded no release from liability whatsoever. *See* Settlement.

Turning to attorney's fees and costs, Plaintiff's counsel seeks attorney's fees equal to $4,843, which is one-third of the settlement proceeds after reimbursement of $470 in costs. *See* Letter at 4. The Second Circuit favors the percentage-of-the-fund method of calculating attorney's fees because it

4

"directly aligns the interests of [Plaintiff] and [her] counsel." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005) (citation omitted). Contingency fees of one-third or less in FLSA cases are routinely approved in this circuit. *See Gonzales v. 27 W.H. Bake, LLC*, No. 15 Civ. 4161, 2018 WL 1918623, at *4 (S.D.N.Y. Apr. 20, 2018) (collecting cases). As a check on the reasonableness of attorney's fees, however, courts still calculate the total cost of an attorney's hours billed, previously known as the lodestar method. *In re AOL Time Warner S'holder Derivative Litig.*, No. 02 Civ. 6302, 2010 WL 363113, at *23 (S.D.N.Y. Feb. 1, 2010).

Plaintiff's counsel, Abdul Hassan Law Group, PLLC, has submitted detailed contemporaneous time records that document the work performed in connection with this matter. ECF No. 44-2. Based on these records, the lodestar in connection with this matter amounts to $18,068.33, reflecting a total of 36.14 hours expended. *Id.* Plaintiff's counsel has billed at an hourly rate of $500. Letter at 7–8; ECF No. 44-2. Other courts have found similar rates to be reasonable, based on Abdul K. Hassan's years of experience litigating employment and wage cases. *See, e.g., Almond v. PJ Far Rockaway, Inc.*, No. 15 Civ. 6792, 2018 WL 922184, at 1 (E.D.N.Y. Feb. 15, 2018) (awarding hourly rate of $450 for Hassan).

The attorney's fees requested, $4,843, amount to a negative multiple of approximately 0.27 of the proffered lodestar. In other words, Plaintiff's counsel will recover an award of attorney's fees that is less than the lodestar amount. Courts in this district have found larger awards to be fair and reasonable. *See Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302, 2019 WL 95638, at *3 (S.D.N.Y. Jan. 2, 2019) ("Courts in this [d]istrict have concluded that a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." (quotation marks and citation omitted)) (collecting cases); *see also Lizondro-Garcia v. Kefi LLC*, No. 12 Civ. 1906, 2015 WL 4006896, at *1, *10 (S.D.N.Y. July 1, 2015) ("[A]n award of $105,000 or one-third of the fund—a 1.68 multiplier of the lodestar calculation and a 1.52 multiplier of plaintiffs'

counsel's stated hourly rates—is a reasonable attorneys' fee."). Thus, given that the attorney's fees represent one-third of the total recovery amount, and are less than the lodestar amount, the Court finds that the requested award of attorney's fees is fair and reasonable.

Additionally, Plaintiff's counsel requests costs in the amount of $470, which covers the filing fee and service of process associated with this case. ECF No. 44-3. The Court finds that the requested costs are fair and reasonable.

## CONCLUSION

For the foregoing reasons, the parties' motion for settlement approval is DENIED without prejudice to renewal. By **August 3, 2023**, the parties may file a revised letter and settlement agreement in accordance with this order.

SO ORDERED.

Dated: July 3, 2023
New York, New York

_____
ANALISA TORRES
United States District Judge