USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _1/4/2024_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
Aliscia Shaw,

                         Plaintiff,

    -against-

ProCore, LLC,

                         Defendant.
-----------------------------------------------------------------

21 Civ. 3883 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      Plaintiff, Aliscia Shaw, brings this action against Defendant, ProCore, LLC, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law, ("NYLL") § 190 *et seq.*, for failure to pay overtime wages, unlawful wage deductions, and failure to provide wage statements and notices. *See* ECF No. 1 ¶¶ 1–3. The parties previously reached a settlement (the "Settlement"), *see* ECF No. 46-1; *see also* ECF No. 44-1, which the Court declined to approve, finding (1) that it could not evaluate whether the proposed settlement amount was reasonable, and (2) that the Settlement's release clause was too broad. Order, ECF No. 47. The parties now offer a revised settlement (the "Revised Settlement"), ECF No. 50-3, and move for the Court's approval. *See* Letter, ECF No. 50.

      For the reasons stated below, the motion is GRANTED.

## DISCUSSION

### I.   Legal Standard

      The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or

bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the United States Department of Labor or a district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted). To determine whether a settlement is fair and reasonable, courts consider "the totality of circumstances, including but not limited to the following factors":

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citation omitted).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citation omitted). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous

billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II.     Analysis

Like the Settlement, the Revised Settlement provides Plaintiff with a recovery of $15,000, inclusive of attorney's fees and costs. Revised Settlement ¶ 1. Plaintiff will receive a total of $9,687, and Plaintiff's counsel will receive $5,313 in fees and costs. *Id.* The parties again state that "Plaintiff is owed unpaid wages of about $12,217.20,"[1] so the Revised Settlement amount represents a significant recovery proportional to the total calculated damages for unpaid wages. Letter at 1. The parties also note that Plaintiff could recover "an additional $12,217.20 in liquidated damages on these claims for unpaid wages," a maximum of $5,000 in penalties for each of her wage notice and wage statement claims, and liquidated damages "in the amount of $45,955.11" for her manual-worker claim. Letter at 2. This is now substantiated by Plaintiff's damages calculation and contemporaneous records, including her hourly pay rate and hours worked. *See* ECF No. 50-1.

Totaling all of Plaintiff's best-case recoveries, her maximum recovery at trial would be $80,389.51. Letter at 1–2. Plaintiff's recovery under the Revised Settlement is, therefore, approximately 12 percent of the damages she would obtain under her best-case scenario. "Although this amount is lower, as a percentage of the total potential recovery, than settlement amounts typically approved by courts in the Second Circuit, it 'is not dramatically lower than similar settlements approved by courts in this [D]istrict.'" *Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, 538 F. Supp. 3d 310, 323 (S.D.N.Y. 2021) (quotation marks and citation omitted) (approving settlement that represented just under 13 percent of Plaintiff's potential recovery at trial); *see also Zorn-Hill v. A2B Taxi LLC*, Nos. 19 Civ. 1058, 18 Civ. 11165, 2020 WL 5578357, at *4 (S.D.N.Y. Sept. 17, 2020)

---

[1] This amount is based on "$677.78 in non-overtime wages and $5,908.51 in overtime wages on [Plaintiff's] lunch time claim, and $5,630.91 in unpaid overtime wages during the period of Plaintiff's employment when Defendant classified her as exempt." Letter at 1.

3

(allowing a subset of plaintiffs to recover a settlement amount that was 12.5 percent of their best-case scenario recovery).

Further, the parties now explain that Plaintiff faces substantial hurdles to establishing her claims—particularly her manual-worker claim—at trial. Letter at 2–3; *see* Order at 3 (directing the parties to "provide a detailed description of the risks faced by the parties in the litigation"). The parties dispute "whether [Plaintiff's] duties overall qualified her as a manual worker," and whether ProCore is entitled to the "affirmative defense to liquidated damages if [it] had a good faith belief that [Plaintiff] was not a manual worker." Letter at 2. They also explain that a jury could find that "Plaintiff received a bona fide meal break for the first period and was exempt for the second period," defeating her wage claims. *Id.* at 3. The Court is, therefore, satisfied that the settlement amount is fair and reasonable in light of Plaintiff's range of possible recovery and the factual and legal risks she faces.

The Court previously found that the Settlement "was the product of arms' length negotiations," that "the parties were represented by experienced attorneys" in wage-and-hour litigation, and that there is no evidence that the parties engaged in fraud or collusion. Order at 3 (citation omitted). Accordingly, the Court now finds that the *Wolinsky* factors are met.

The Court also previously found that the Settlement's liability release provision was too broad. *See* Order at 4. The Revised Settlement narrows the scope of the release clause. Revised Settlement ¶ 4. The Court notes that the liability release continues to bind some entities beyond Defendant. *Compare id.* (releasing claims "against ProCORE, and its parent companies, CORE Companies, Inc. and CORE Services Group, Inc., current or former owners, directors, officers, shareholders, and employees"), *with* Order at 4 (noting that the Settlement released entities including Defendant's "officials, directors, officers, shareholders, agents, employee benefit plans, plan administrators, representatives, servants, employees, former employees, insurers, and attorneys").

However, the Revised Settlement also narrows the class of claims released to include only actions "concerning Plaintiff's claims in this Action for wage notification, payment of wages, and/or unpaid compensation," Revised Settlement at ¶ 4, eliminating the concern that the clause could release "claims unrelated to this lawsuit" against "unidentified individuals and business[es] only tenuously affiliated with Defendant." Order at 4 (quoting *Lara v. Air Sea Land Shipping & Moving Inc.*, No. 19 Civ. 8486, 2019 WL 6117588, at *2 (S.D.N.Y. Nov. 18, 2019) (citation omitted) (cleaned up)). In addition, the liability release is now mutual, releasing Plaintiff from liability for "any claims Defendant had or may have had against Plaintiff." Revised Settlement at ¶ 4; *see* Order at 4; *see also Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13 Civ. 5008, 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016) (approving mutual releases of claims in FLSA settlement). The Court finds, therefore, that the Revised Settlement's release clause is sufficiently fair and reasonable.

Finally, the Court previously found that the fees and costs claimed by Plaintiff's counsel in the Settlement were fair and reasonable. *See* Order at 4–6. The same is true of the fees and costs awarded in the Revised Settlement. *See* Revised Settlement at ¶ 1(c).

## CONCLUSION

For the reasons stated above, the parties' motion for approval of the Revised Settlement is GRANTED.

SO ORDERED.

Dated: January 4, 2024
       New York, New York

_____
ANALISA TORRES
United States District Judge